State of Wisconsin, Plaintiff-Respondent,
v.
Lance D. Pelky, Defendant-Appellant.
No. 2004AP2220-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 12, 2005.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶ 1 PER CURIAM.
Lance Pelky appeals a judgment convicting him of possessing THC as a repeater. Pelky pled no contest after the trial court denied his motion to suppress the marijuana seized during a pat-down search performed by officer James Schaut. The trial court ruled that Schaut had the right to frisk Pelky for weapons and the marijuana was in plain view. Pelky argues (1) Shaut lacked any reasonable articulable suspicion to support the pat-down search and (2) the plain view doctrine does not apply because Schaut was not legally entitled to be in a position to observe the marijuana because he saw it during the pat-down search. We need not decide whether the pat-down search was justified because we conclude the marijuana was in Schaut's plain view even if he had not been performing the pat down search.
¶ 2 Schaut was the only witness at the suppression hearing. He testified that he was dispatched to an accident scene in a rural area at 5 a.m. He found a car in the ditch. Pelky was slumped over in the passenger seat with his T-shirt pulled up over his head. After Schaut pounded on the doors, yelled, and eventually poked Pelky, Pelky woke up. After Schaut assisted Pelky in pulling his shirt down, Pelky exited the car and appeared intoxicated. He identified himself but had no identifying documents. He told Schaut that another person was driving the car and after they got stuck in the mud, the driver went to get help and Pelky fell asleep in the car.
¶ 3 Schaut decided to conduct a pat-down search of Pelky for weapons because of his previous experience with intoxicated people. During the frisk, Schaut saw a plastic bag containing marijuana sticking out of a small pocket on Pelky's right calf. Schaut seized the marijuana and arrested Pelky.
¶ 4 The plain view doctrine applies when an officer observes contraband that is plainly visible from a location where the officer had prior justification for being. See State v. Guy, 172 Wis. 2d 86, 101, 492 N.W.2d 311 (1992). Pelky's argument that the marijuana would not have been seen but for the allegedly illegal pat-down search is not supported by Schaut's uncontradicted testimony or the trial court's findings. Schaut testified the marijuana would have been in his plain view even if he had not been involved in the pat down at the time. The trial court found that Schaut observed the marijuana by seeing it, not by first feeling it or thinking it was a weapon. Because the marijuana was in plain view of a person not performing a pat down search, the fact that Schaut was frisking Pelky at the time he first saw the marijuana is irrelevant. The record shows the marijuana was plainly visible from a location where Schaut had the right to be regardless of the validity of the pat down search.
By the Court.  Judgment affirmed.